**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 11-05834 EAG |
| ROSA E. MATOS ZAPATA, | CHAPTER 11 |
| DEBTOR. | |
| LUIS MARQUEZ TORRES, JAIME MARQUEZ TORRES, & IVETTE MARQUEZ JUSTINANO, | ADVERSARY NO. 11-00215 EAG |
| PLAINTIFFS, | |
| v. | |
| ROSA E. MATOS ZAPATA, | |
| DEFENDANT. | FILED & ENTERED ON 01/17/2012 |

**OPINION AND ORDER**

On October 11, 2011, Luis Márquez Torres ("Márquez-Torres"), Jaime Márquez-Torres,

and Ivette Márquez-Torres (together, "plaintiffs") initiated an adversary proceeding against

chapter 7 debtor Rosa Matos Zapata ("Matos-Zapata" or "debtor") in the above-captioned case,

contesting the dischargeability of their claim pursuant to 11 U.S.C. § 523(a)(2)(A) and (B).[1]

(Adv. Docket No. 1.) Pending before the court is debtor's motion for summary judgment and

---

[1] The complaint is somewhat confusing as to under what subsections of 11 U.S.C. § 523(a) plaintiffs assert their claims, as the adversary proceeding cover sheet indicates that the claims are brought pursuant to subsection (a)(6) while the complaint itself cites section 523(a)(2)(A). Plaintiffs, however, clarified in their opposition brief that the citation to section 523(a)(6) was in error. (Adv. Docket No. 8 at p. 3.) In addition, as paragraph 14 of the complaint closely tracks the language of subsection (a)(2)(B), the court, in an abundance of caution, shall construe the complaint as also bringing claims pursuant to this subsection.

for an award of attorney's fees and costs, as well as plaintiffs' opposition thereto. (Adv. Docket Nos. 5; 8.)

The complaint states that plaintiffs and debtor are the universal heirs of Jaime Márquez-Torres. (Adv. Docket No. 1 at ¶ 1.) Following his death, his heirs jointly inherited a parcel of real property located in Cabo Rojo, Puerto Rico. (Adv. Docket No. 1 at ¶ 2.) Plaintiffs aver that on June 25, 2009, the state court of Mayaguez entered a judgment by stipulation by which plaintiffs agreed to cede their interest in the real property to debtor in exchange for $25,000. (Adv. Docket No. 1 at ¶ 5.) Per the agreement, debtor's failure to pay plaintiffs within one year would result in the property being foreclosed and sold at a public action. Id. Plaintiffs allege that debtor never made said payment. (Adv. Docket No. 1 at ¶ 6.) In their complaint, plaintiffs maintain that they are still co-owners of the property, and that debtor is attempting to use the bankruptcy forum to fraudulently obtain title to the property.[2] (Adv. Docket No. 1.) Furthermore, plaintiffs contend that debtor intentionally underestimated the value of the property in question on her schedule A in order to mislead the chapter 7 trustee into abandoning the property.[3] Id. Debtor filed her petition for relief under chapter 7 of the Bankruptcy Code on July 8, 2011: more than two years after the entry of the judgment by stipulation in the state-court action. (Bankr. Docket No. 1; Adv. Docket No. 1 at ¶ 5.)

In her motion for summary judgment, debtor denies plaintiffs' allegations, arguing that under the terms of the state court stipulation plaintiffs have ceded their interest in the

---

[2] The complaint does not address why the property was not foreclosed and sold at auction, as agreed to in the stipulation. (Adv. Docket No. 1 at ¶ 5.)

[3] A motion to abandon the property by the chapter 7 trustee is currently pending in the main case, which plaintiffs have opposed. (Bankr. Docket Nos. 17; 19.)

property and instead have only an unsecured claim against the estate in the amount of $25,000. (Adv. Docket No. 5 at p. 2.) Indeed, debtor indicated in schedule A of her chapter 7 petition that title to the property is "subject to litigation in an inheritance proceeding," and listed plaintiffs as unsecured creditors in her amended schedule F. (Bankr. Docket Nos. 1 at p. 19; 9 at p. 2.) Debtor also contends that the value she assigned to the property in schedule A of her petition merely represented her opinion of its value, and that such a determination must ultimately be made by the chapter 7 trustee. Id. Regardless, debtor asserts that even assuming, *arguendo*, that plaintiffs' allegations are true, the complaint fails to state a claim upon which relief can be granted. Id. The court finds the latter argument to be dispositive and thus considers debtor's motion under Rule 12(b)(6) rather than Rule 56.[4] See, e.g., 12-60 James Wm. Moore *et al.*, Moore's Federal Practice - Civil § 60.64 (3d ed. 2010) (stating that in the context of a Rule 60 motion, "[n]omenclature is not important. The label or description that a party puts on its motion does not control whether the party should be granted or denied relief").

In deciding a motion under Rule 12(b)(6), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b), the court must determine whether the complaint alleges sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st

---

[4] The court notes that the consideration of the stipulation entered in state court, or of the state court proceedings more generally, does not preclude the application of Rule 12(b)(6). See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to . . . a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). To the extent a complaint alleges fraud, Rule 9(b), adopted by Federal Rule of Bankruptcy Procedure 7009(b), requires that circumstances constituting fraud must be stated with particularity, although "[m]alice . . . and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The particularity requirement is satisfied by averments "of the who, what, where, and when of the allegedly false or fraudulent misrepresentation." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004).

Subsection 523(a)(2)(A) excepts from discharge debt obligations obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). In order to establish that a debt is nondischargeable under section 523(a)(2)(A), a creditor must show that: 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth; 2) the debtor intended to deceive; 3) the debtor intended to induce the creditor to rely upon the false statement; 4) the creditor actually relied upon the misrepresentation; 5) the creditor's reliance was justifiable; and 6) the reliance upon the false statement caused damage. Douglas v. Kosinski (In re Kosinski), 424 B.R. 599, 615 (B.A.P. 1st Cir. 2010). If the court concludes that a "creditor failed to establish any one of the elements by a preponderance of the evidence, then the court should reject his claim" to relief. Palmacci v. Umpierrez, 121 F.3d 781, 787-88 (1st Cir. 1997).

Subsection 523(a)(2)(B) excepts from discharge debt obligations obtained by use of a written statement that was materially false with respect to debtor's financial condition on which the creditor reasonably relied. 11 U.S.C. § 523(a)(2)(B).  To establish that a debt is nondischargeable under section 523(a)(2)(B), a creditor must prove that: 1) the debtor made a statement in writing; 2) the statement concerned the debtor's or an insider's financial condition; 3) the statement was materially false; 4) the creditor actually and reasonably relied on the false statement; and 5) the debtor made the false statement with the intent to deceive the creditor.  11 U.S.C. § 523(a)(2)(B).  Again, failure to establish any one of these elements would be fatal to a creditor's claim to relief.  <u>Palmacci</u>, 121 F.3d at 787-88.

In this case, the complaint on its face does not state a plausible claim to relief under either subsection (a)(2)(A) or (a)(2)(B) of section 523.

Regarding section 523(a)(2)(A), the only relevant, non-conclusory allegation plaintiffs assert is that debtor falsely represented on her bankruptcy petition that she is the sole owner of the property in question.  Such an allegation–even if true–does not state a plausible claim under this section, as plaintiffs never assert, nor could they, that they relied on debtor's purportedly fraudulent petition to extend the $25,000 credit to debtor.  11 U.S.C. § 523(a)(2)(A).  The uncontested fact that the bankruptcy petition was filed more than two years after the signing of the stipulation makes that impossible.  Furthermore, even if plaintiffs' claims were based on the parties' negotiation of the stipulation in the state case, the complaint gives no indication that the stipulation was negotiated in bad faith or that plaintiffs were otherwise fraudulently induced by debtor into entering the stipulation.  Indeed, the stipulation

5

specifically contemplated and provided a remedy to plaintiffs in the event debtor did not pay the agreed-to amount.

As for plaintiffs' claim that debtor falsely represented the value of the property in schedule A in violation of section 523(a)(2)(B), this too fails to state a claim upon which relief can be granted that is plausible on its face.  The complaint does not, nor could it, contain any allegation that plaintiffs relied on this valuation to extend the $25,000 credit to debtor.   11 U.S.C. § 523(a)(2)(B).  Again, the uncontested fact that schedule A was filed more than two years after the signing of the stipulation makes that impossible.

In view of the above, a separate judgment shall be entered DISMISSING this adversary proceeding.  The court is retaining jurisdiction to resolve debtor's request for attorneys fees under section 523(d) of the Bankruptcy Code.  The initial scheduling conference set for February 9, 2012, at 10:00 a.m., is converted into an evidentiary hearing on debtor's request for attorney fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of January, 2012.

Edward A. Godoy
U.S. Bankruptcy Judge

6